**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID KOLAKOWSKI, and all others similarly situated, | |
| Plaintiff, | Civil Action No. 15-1583 (MAS) (TJB) |
| v. | **MEMORANDUM OPINION** |
| GOVERNOR CHRISTOPHER CHRISTIE, et al., | |
| Defendants. | |

**SHIPP, District Judge**

This putative class action arises from an ongoing State court divorce and spousal/child support action between pro se Plaintiff David Kolakowski ("Plaintiff" or "Kolakowski") and his former spouse Defendant Deborah Spangenberg, which was filed in the Family Division of the New Jersey Superior Court. (Compl. ¶¶ 11-25, ECF No. 1.) Based on the divorce action and related proceedings, Plaintiff filed a twelve-count Complaint against his ex-wife, his ex-wife's lawyer, an economist, a psychiatrist, and various other lawyers who were allegedly involved in the family-court proceeding, as well as, several state and federal officials, including Governor Christopher Christie, State Senate President Stephen Sweeney, and United States Attorney Paul Fishman, for conspiring to deprive him of various federal and state rights and for violating various federal and state statutes, including the civil Racketeering Influence and Corrupt Organizations Act ("RICO "), 18 U.S.C. § 1962, and the New Jersey Open Public Records Act, N.J.S.A. 47:1A-1. (*See generally* Compl.)

This matter comes before the Court on the motions to dismiss of Defendants Robin C. Schwartz ("Schwartz") (ECF No. 10), Ann Edens ("Edens") (ECF No. 14), Leonard M. Friedman ("Friedman") (ECF No. 18) (collectively with Schwartz and Edens, "Individual Defendants"), United States Attorney Paul Fishman (ECF No. 37), Vincent P. Celli, Christopher Christie, Stephen Fletcher, Glenn Grant, Jennifer Lazor, Sonya Liverpool, Judge Philip Maenza ("Judge Maenza"), Morris County Probation Office, New Jersey Family Support Center, and the State of New Jersey Superior Court of New Jersey ("State Defendants") (ECF No. 39) (collectively with Individual Defendants and United States Attorney Paul Fishman, "Moving Defendants"). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the motions to dismiss are granted.

**I.    Background**

Plaintiff alleges that his former wife, Defendant Deborah Spangenberg ("Ms. Spangenberg"), filed a divorce action in Morris County in February 2010. (Compl. ¶ 11.) Defendant Robin Schwartz represented Ms. Spangenberg in the divorce action. (*Id.*) Plaintiff alleges that, at the time that the divorce action was filed, Ms. Spangenberg stopped working as a full-time, successful graphics designer and falsely asserted that she was only a part-time bookkeeper in order to bolster her request for spousal support, despite purported overwhelming evidence to the contrary. (*Id.* ¶¶ 11, 12.) Plaintiff alleges that in spite of that evidence, State Defendants, Judge Maenza, Vincent Celli, and other named defendants conspired to perpetuate a fraud against Plaintiff, which resulted in "a loss of virtually all of [Plaintiff's] assets." (*Id.* ¶ 12.)

Plaintiff alleges that Ms. Schwartz provided false information to defendant Leonard Friedman, a forensic accountant, who was appointed to conduct an independent evaluation of

Plaintiff's and Ms. Spangenberg's earning capacities. (*Id*. ¶ 13.) Mr. Friedman allegedly ignored evidence that should have led him to impute income to Ms. Spangenberg and issued his report in August 2011. (*Id*. ¶¶ 13, 14.) Judge Maenza relied on Mr. Friedman's August 2011 report in awarding Ms. Spangenberg $930 per week in spousal support in a pendente lite order. (*Id*. ¶ 14.) Plaintiff objects to this award. (*Id*. ¶ 19.) Specifically, Plaintiff contends that this excessive award forced him to sell the marital home and use most of the proceeds to pay Ms. Schwartz's legal fees. (*Id.*) Plaintiff further alleges that Judge Maenza ordered him to liquidate half of his children's college savings fund to cover spousal support payments. (*Id.*)

Plaintiff alleges that his divorce action was scheduled for trial on February 7, 2011, but was adjourned at Ms. Schwartz's request. (*Id.* ¶ 20.) Thereafter, Plaintiff alleges that Judge Maenza pressured Plaintiff to settle by telling him that the trial would cost him $150,000, including $75,000 in legal fees for Ms. Schwartz. (*Id.*) Plaintiff alleges that in June 2012 his attorney told him that Judge Maenza would take his remaining financial assets and award them to Ms. Schwartz in advance of trial. (*Id.*) Plaintiff alleges that based on this information, he settled the divorce action in June 2012. (*Id.*)

Plaintiff alleges that following settlement, however, Judge Maenza "found reasons to exclude and overturn" certain provisions in his Marital Separation Agreement ("MSA"), which were favorable to Plaintiff. (*Id.* ¶¶ 21-23.) In particular, Plaintiff contends that Judge Maenza failed to reduce alimony in June 2014 based on the prior year's tax returns. (*Id.* ¶ 21.) Plaintiff also contends that Judge Maenza recalculated the amount of child support owed by Plaintiff without providing an explanation or detailed calculation supporting his decision, and that the amount ordered exceeds the amount that was agreed to in the MSA by more than three times. (*Id.* ¶ 22.)

Plaintiff further alleges that Defendant Jennifer Lazor, New Jersey Supreme Court District XA Ethics Committee Member, was appointed to investigate the alleged ethics violations and professional misconduct of Ms. Schwartz, but did not find any violations. (*Id.* ¶ 24.) Plaintiff alleges that he has appealed that determination. (*Id.*)

Plaintiff also alleges that the Morris/Sussex Vicinage Probation Division and its employee, Investigator Sonya Liverpool, have no authority to issue a warrant to enforce Plaintiff's obligation to pay child or spousal support because Plaintiff is not on probation. (*Id.* ¶ 26.) Plaintiff alleges that all of the State Defendants have a "financial interest" in the outcome of his child and spousal support case, which violates his right to due process and equal protection. (*Id.* ¶¶ 27-28.) Plaintiff further alleges that he was "unlawfully and fraudulently" coerced to pay child and spousal support through the Family Support Payment Center, which is not a party to Plaintiff's divorce action. (*Id.* ¶ 27.) Based on these allegations, Plaintiff brings the following claims:

- Violations of the federal RICO statute (Counts One, Two, Four, and Five);
- Malicious Abuse/Misuse/Use of Process (Count Three);
- Malicious Prosecution (Count Six);
- Fraud (Count Seven);
- Violations of the False Claims Act (Count Eight);
- Violations of the New Jersey Open Public Records Act, N.J.S.A. 47:1A-1 (Count Nine);
- Violations of §§ 1983 and 1985 (Count Ten);
- Intentional and/or Negligent Infliction of Emotional Distress (Count Eleven); and
- Conspiracy (Count Eleven).[1]

(Compl. 18-29.) Plaintiff seeks compensatory damages, punitive damages, interest, cost of suit, and any other relief the court may deem just and proper. (*Id.* at 30.) Additionally, Plaintiff seeks injunctive relief "to halt any other harassment by use of the County Sheriff's Department, New Jersey State Police, and Municipal Police Department." (*Id.*)

---

[1] Plaintiff has two Counts labeled "11."

4

**II.     Discussion**

      **A.     Rooker-Feldman Abstention**

The crux of Plaintiff's Complaint is that the state court erred in granting an excessive spousal support award and in setting aside agreed upon provisions in the MSA. This Court lacks jurisdiction to decide those issues. "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging the 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The *Rooker-Feldman* doctrine constitutes a bar to suits brought by the losing party in state court that "seek[] what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Rather, review of a decision by a state court can only be had in the state's appellate courts or in the United States Supreme Court. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *see also* 28 U.S.C. § 1257. "The [*Rooker-Feldman*] doctrine is jurisdictional in nature, precluding further federal review." *Turetsky v. Turetsky*, 402 F. App'x 671, 673 (3d Cir. 2010) (citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163 (3d Cir. 2010)). The Third Circuit has shed light on the requirements necessary for the "doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by the state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great Western*, 615 F.3d at 166 (quoting *Exxon Mobil*, 544 U.S. at 284).

5

Here, *Rooker-Feldman* is applicable. The first and third requirements, set forth in *Great Western*, are easily satisfied: Plaintiff failed in his attempts to avoid an award of spousal support, and thereafter he failed to obtain a reduction in this award pursuant to the MSA. Both the spousal support award and the state court's alleged decision to overturn provisions in the MSA were rendered prior to the institution of this suit. Thus, Plaintiff lost in state court and the judgment in state court was rendered before the federal suit was filed.

In addition, the second requirement set forth in *Great Western* is present. In determining whether the second requirement is met, "[t]he critical task is to identify those federal suits that profess to complain of injury by a third party, but actually complain of injury produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Id.* at 167 (internal citation omitted). Here, the essential injury complained of is the denial of Plaintiff's attempts to avoid, and thereafter, reduce the spousal support award rendered by the state court. This is exactly the sort of injury identified in *Great Western*: Plaintiff's professed injury *is* the state court's decision.

Finally, the fourth requirement set forth in *Great Western* is present. "What this requirement targets is whether the plaintiff's claims will require appellate review of state-court decisions by the district court." *Id.* at 169. Indeed, here, Plaintiff invites such a review. Plaintiff's submissions to the Court complains of procedural irregularities and deprivations and contends that the state court came to the wrong conclusion. (*See* Compl. ¶ 14 ("[Judge] Philip Maenza decided to rule in favor of these wrong numbers and against evidence submitted to him and he ordered support in the amount of $930 per week.").) Plaintiff plainly invites the Court to conduct a review of the state-court decision below. *Cf. Edelglass v. New Jersey*, No. 14-760, 2015 WL 225810, at *8 (D.N.J. Jan. 16, 2015) (noting that while *Rooker-Feldman* abstention is applicable to a review

6

of a state court decision, it is not applicable to a challenge to a state statute or rule underlying that decision).

Based on the above, all four prongs of *Rooker-Feldman* are satisfied. Accordingly, the Court lacks jurisdiction to decide Plaintiff's challenge to the award of spousal and child support.

**B.**     **Federal Rule of Civil Procedure 8(a)**

In addition to allegations regarding the state court's spousal and child support decisions, Plaintiff makes some vague allegations regarding false claims (Compl. ¶¶ 3-8), due process violations (*id.* ¶¶ 27-28), deprivation of parental rights (*id.* ¶¶ 30-31), and obstruction of justice (*id.* ¶¶ 32-36). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Moreover, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, even a *pro se* pleading is required to "set forth sufficient information to outline the elements of [a] claim or to permit inferences to be drawn that these elements exist." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (internal citation omitted). In addition, the Court need not credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). "Thus, a *pro se* complaint may be dismissed for failure to state a claim only if the allegations set forth by plaintiff cannot be construed as supplying facts in support of a claim, which would entitle the plaintiff to relief." *Rhett v. N.J. State Super. Ct.*, No. 07-2303, 2007 WL 1791264, at *2 (D.N.J.

June 19, 2007), *aff'd*, 260 F. App'x 513 (3d Cir. 2008) (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).  Here, the Court is unable to discern sufficient facts in Plaintiff's Complaint to support Plaintiff's claims for due process violations, deprivation of parental rights, obstruction of justice, and violations of the False Claims Act.[2]  Thus, the facts as pleaded do not give Defendants fair notice of the basis for these claims, and accordingly, should be dismissed pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure.

When a complaint is subject to a Rule 12(b)(6) dismissal, however, amendment should be permitted unless it is prejudicial or futile.  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).  "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  The futility of an amendment is assessed under the same standard as Rule 12(b)(6); therefore, a plaintiff must be allowed to amend a complaint subject to such a dismissal "unless the amendment would not cure the deficiency."  *Id.*

Here, Plaintiff's rambling pleadings contain mostly unintelligible allegations against multiple defendants.  Plaintiff offers broad labels and conclusions and does not provide sufficient facts to support his claims.  For example, Plaintiff repeatedly refers to "Defendants" without specifying which particular defendant participated in the complained of activity or what role each defendant allegedly played.  *See Bullock v. Ancora Psychiatric Hosp.*, No. 10-1412, 2011 WL 3651352, at *9 (D.N.J. Aug. 18, 2011) ("If Rule 8's pleading requirement has any substance, it requires a Plaintiff to specifically identify the defendants against whom a claim is asserted").  Furthermore,

---

[2] The Court is also unable to discern sufficient facts to support Plaintiff's claims for violations of the federal RICO statute; malicious abuse/misuse/use of process; malicious prosecution; fraud; violations of the New Jersey Open Public Records Act; violations of §§ 1983 and 1985; intentional and negligent infliction of emotional distress; and conspiracy.

Plaintiff's opposition brief, which appears to be a combination of excerpts from briefs in other cases, refers to events and defendants that are not part of this case.  For example, the opposition brief refers to defendants "Merlo" and "Bobrove," who are not named or even mentioned in the Complaint, and the brief discusses a decision of the Gloucester County Superior Court, which is also not referenced in the Complaint.  (*See* Pl.'s Opp'n Br. 51-52 ("The picture that has been painted for this court is clear, that defendants conspired with Gloucester County Superior Court to hide the very fact that defend [sic] Merlo's risk assessment was a fraud and that the plaintiff had a viable suit against defendant Merlo and defendant Superior Court of New Jersey."), ECF No. 22.)  Accordingly, Plaintiff's Complaint does not provide Defendants with fair notice of the factual grounds for Plaintiff's claims.  Because Plaintiff's Complaint does not comply with Rule 8(a)'s requirements, Plaintiff's Complaint is dismissed.  The Complaint, however, will be dismissed without prejudice to the filing of an amended complaint adhering to Rule 8(a)'s pleading requirements.  Should Plaintiff subsequently fail to adhere to Rule 8(a)'s pleading requirements, his amended complaint will be dismissed with prejudice.

### III.    Conclusion

For the reasons set forth above, Moving Defendants' Motions to Dismiss (ECF Nos. 10, 14, 18, 37, 39) are granted and Plaintiff's Complaint is dismissed without prejudice.[3]  An order consistent with this Memorandum Opinion will be entered.


                                                                s/ Michael A. Shipp
                                                                **MICHAEL A. SHIPP**
                                                                **UNITED STATES DISTRICT JUDGE**

**Dated:** November 30, 2015

---

[3] Given that Plaintiff's Complaint does not clearly identify the factual grounds for each claim, the Court is unable to discern which claims are based entirely on the state court's decision in Plaintiff's divorce action.  To the extent that Plaintiff's claims are based on the state court's decision, those claims are dismissed with prejudice pursuant to the *Rooker-Feldman* abstention doctrine.